UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:89-CR-9-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CARL ROBERT CHRISTY, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Early Termination of Supervised Release [DE-13] filed by Defendant Carl Robert Christy ("Christy"). The Government has not filed a response and the time to do so has passed. Therefore, this matter is now ripe for disposition.

## I. Background

On November 6, 1989, Christy was sentenced to three hundred (300) months imprisonment after having been found guilty of conspiring to possess with the intent to distribute in excess of five (5) kilograms of cocaine. His sentence also included a five (5) year term of supervised release, which commenced on December 4, 2009, in the Southern District of Florida. The United States Probation Office ("Probation") advises that, since his release, Christy has been in full compliance with the conditions of his supervised release and has maintained a stable residence and employment. Probation further states that, as a result of his compliance with the conditions of his supervision, Christy has been transferred to the Low Risk Caseload designed for offenders who pose a low risk for recidivism and danger to the community.

## II. Discussion

The court, pursuant to 18 U.S.C. § 3583(e), after considering the pertinent factors set forth in 18 U.S.C. § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release...if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited exceptionally good behavior that makes the previously imposed term of supervised release " 'either too harsh or inappropriately tailored to serve' " general punishment goals. *Folks v. United States*, 733 F.Supp.2d 649, 651 (W.D.N.C. 2010) (citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." *Id.* at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* If it were, then "the exception would swallow the rule." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005). Ultimately, the decision whether to terminate a term of supervised release is within the court's discretion. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Here, Christy is contending that early release is appropriate because he has been in full compliance with the terms of the supervised release. Moreover, Christy claims that the supervised release has now become a "direct impediment to...advance in various career capacities," naming, by interfering with his ability to travel freely as required in the retail fireworks industry. Probation

advises that, to the extent that Christy is attempting to own and operate his own retail fireworks business, because of his prior felony convictions, he is prohibited from obtaining the necessary license required to do so. Probation also states that it prefers to monitor cases that have complied with the standard and special conditions of supervision on Low Risk Caseload and therefore does not recommend early termination for Christy.

Upon careful consideration, the court finds that early termination of supervised release for Christy is unwarranted. The court sees that Christy is indeed in full compliance with the terms of his supervised release and has done quite well for himself. However, this alone is does not merit early termination of his supervised release. *See Folks*, 733 F.Supp.2d at 652. Furthermore, to the extent that Christy is claiming that the supervised release would impede his opportunities in the fireworks business, it appears he would be unable to own or operate such a business as result of his prior felony convictions. Having considered all of the relevant factors set forth in 18 U.S.C. § 3553(a), the court finds that the interest of justice does not warrant early termination of Christy's supervised release.

### III. Conclusion

Based on the aforementioned rationale, the Motion for Early Termination of Supervised Release [DE-13] filed by Christy is **DENIED**.

SO ORDERED.

This the _10_ day of February, 2012.

_____
JAMES C. FOX
Senior United States District Judge